## WHITE v. BROWN SHOE CO.

Circuit Court of Appeals, Fifth Circuit. February 19, 1929.

No. 5233.

Allen Wight, of Dallas, Tex. (Oscar E. Monnig, of Fort Worth, Tex., and Touchstone, Wright, Gormley & Price, of Dallas, Tex., on the brief), for appellant.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant applied for his discharge in bankruptcy, and was met by the opposition of appellee, one of his creditors. The case was referred to the Honorable E. M. Baker, referee, as special master, and after a hearing the discharge was recommended. The District Court, however, disapproved the findings of the referee and denied the discharge, from which judgment this appeal is prosecuted.

On the hearing of the opposition to the discharge, appellee offered certain testimony of the bankrupt given at the first meeting of creditors. The material facts shown by this testimony are as follows: The bankrupt was in business in the town of Italy, Tex., and became insolvent in 1926, owing to the failure of the cotton crop and his having extended too much credit. The Monnig Dry Goods Company, to whom he owed between $11,000 and $13,000, was his largest creditor. He consulted Mr. Monnig about his condition, and after that he turned over to the Monnig Company the weekly receipts of his business until this fund amounted to $2,250.

The bankrupt testified on the hearing for discharge that the money he turned over to the Monnig Company was to be distributed to all his creditors, and that it was his intention that there should be an equal distribution among all his creditors, and that he had no intention whatever of hindering, delaying, or defrauding any of them. It also appears that a petition for involuntary bankruptcy was first filed against appellant, and that he offered a composition of 60 per cent., the money for which was to be put up by the Monnig Company, that company to receive all the assets. The offer of composition was disapproved. After the first meeting of creditors, the Monnig Company surrendered the fund of $2,250 and filed proof for its claim in full as an ordinary creditor.

On these facts the referee reached the conclusion that the bankrupt intended that the money turned over to the Monnig Company should be distributed to all of his creditors; that he had no intention to hinder, delay, or defraud any of them; and that the Monnig Company had never claimed the fund for themselves, but held it for the purposes of distributing it to all of appellant's creditors.

■ To release an honest, unfortunate, and insolvent debtor from the burden of his debts and to restore him to business activity, in the interest of society, is one of the im-

portant objects of the law, as much as to distribute his assets among his creditors, and the act (11 USCA) should be construed liberally to that end. We have heretofore so held, Hardie v. Swafford Bros. Dry Goods Co. (C. C. A.) 165 F. 588, 20 L. R. A. (N. S.) 785, and so has practically every court of last resort to which the question has been presented. It is also fundamental that the burden of proof is on the opposing creditors.

On the facts shown by the record, particularly as the bankrupt was heard in person by the referee who therefore had the best opportunity to judge as to his truthfulness, we think the conclusion reached by the referee was right. The fact that the bankrupt turned over all his cash as it was received from sales to his largest creditor, who had knowledge of his insolvent condition, would create a voidable preference if applied on that creditor's debt, but it is not shown that there was any such intention on the part of the bankrupt. His testimony that it was his intention that the fund thus accumulated should be later on distributed to all of its creditors pro rata, in the absence of contrary evidence, must be given full force and effect. The offer of a composition is entirely consistent with the bankrupt's testimony as to his intent. The opposing creditor could not take the benefit of adverse conclusions to be drawn from the acts of the bankrupt and disregard his positive testimony as to his intent.

The judgment appealed from will be reversed, and the case remanded, with instructions to grant the bankrupt his discharge.

Reversed and remanded.