**In the Matter of Glenn Richard REDDINGTON, Debtor.**

**CONTROL POWER SYSTEMS, INC., Plaintiff,**

v.

**Glenn Richard REDDINGTON, Defendant.**

**Bankruptcy No. 83–00953–BKC–SMW. Adv. No. 83–0736–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 17, 1984.

Chad P. Pugatch, Fort Lauderdale, Fla., for defendant/debtor.

John C. Seipp, Miami, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on for trial on November 22, 1983, December 6, 1983 and December 20, 1983, upon the Complaint of CONTROL POWER SYSTEMS, INC. (hereinafter CPS), against the Debtor, GLENN RICHARD REDDINGTON (hereinafter REDDINGTON), objecting to the dischargeability of the Plaintiff's debt pursuant to various sections of 11 U.S.C. § 523, as well as objecting to the Debtor's discharge pursuant to various provisions of 11 U.S.C. § 727, and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

The Plaintiff's Complaint was originally framed in six counts, the first three objecting to the dischargeability of the Plaintiff's debt under 11 U.S.C. § 523(a)(2)(A), (a)(6) and (a)(4), respectively, and the remaining three objecting to the Debtor's discharge under 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4), respectively. Counts II, III, V and VI were all either withdrawn voluntarily by the Plaintiff during the course of the trial or involuntarily dismissed by the Court during the course of the trial pursuant to timely motion by the Defendant. The only counts remaining for the Court's determination herein are Count I, alleging false representations made to the Plaintiff, CPS, by the Defendant, REDDINGTON, concerning the financial condition of Ricca-Reddington Instruments, Inc. and the Debtor's own financial condition as a violation of 11 U.S.C. § 523(a)(2)(A) and Count IV, alleging the transfer, removal or concealment of property of the Debtor's estate within one year before the filing of the Voluntary Petition herein as a violation of 11 U.S.C. § 727(a)(2).

The Debtor, REDDINGTON, filed his Voluntary Petition Under Chapter 7 on May 25, 1983. Prior to that time, he had been an officer and stockholder in a company known as Ricca-Reddington Instruments, Inc. A major supplier and creditor of Ricca-Reddington Instruments, Inc. was the Plaintiff herein, CPS.

CPS had been, in fact, virtually the only source utilized by Ricca-Reddington Instruments, Inc. for the purchase of the manufactured products sold by the company and related services. On or about September 25, 1981, CPS and Ricca-Reddington Instruments, Inc. entered into a contract for the purchase and sale of certain products and payment therefor, as well as settling the

accounts between the companies. The agreement was guaranteed by the Debtor, REDDINGTON, as well as C. Brooks Ricca, the other principal of Ricca-Reddington Instruments, Inc. While substantial payments were made against the contract indebtedness at the time of execution and shortly thereafter, Ricca-Reddington Instruments, Inc. did not live up to the balance of its payment obligation under the contract resulting in the filing of litigation by CPS against Ricca-Reddington Instruments, Inc. and the guarantors in January of 1982 and the termination of any further shipments of products to Ricca-Reddington Instruments, Inc. by CPS. This litigation ultimately resulted in judgment against the corporate defendant, Ricca-Reddington Instruments, Inc. as well as the guarantors, including the Debtor, REDDINGTON, and was, apparently a significant factor in the filing of the Voluntary Petition herein.

Dealing first with Count I of the Complaint, it is the contention of CPS that the Debtor, REDDINGTON, through the September 25, 1981 contract itself, made certain representations as to the financial condition of the corporation, Ricca-Reddington Instruments, Inc. as well as his own financial condition, and that these representations, which were alleged to be false, form a basis of a violation of 11 U.S.C. § 523(a)(2)(A). Based upon the evidence presented at trial, the Court finds that this burden of proof has not been sustained.

 The Plaintiff contends that the ultimate failure to pay for the goods evidencing fraudulent intent at the time the contract was executed. No evidence was presented at trial which would support this contention of present intent. Without a showing of fraudulent intent as of the time the representations were made, a critical element of the cause of action is missing. *In re Firestone,* 26 B.R. 706 (Bkrtcy.S.D.Fla. 1982). The ultimate failure to pay for the goods will not meet this burden, *In re Drake,* 5 B.R. 149 (Bkrtcy.D.C.Idaho 1980), especially where the only evidence of record shows that substantial payments were made

on the outstanding balance following the execution of the agreement.

The Plaintiff, CPS, further failed to present evidence supporting another critical element of the cause of action in that no testimony was presented concerning the Plaintiff's reliance on the allegedly false statements. *See, In re Medow,* 26 B.R. 305 (Bkrtcy.S.D.Fla.1982).

No evidence was presented dealing with the alleged representations as to the Debtor's own financial condition, all evidence relating to the corporation, Ricca-Reddington Instruments, Inc.

Based upon the foregoing, the Court finds and concludes that the Plaintiff, CPS, has failed to sustain its burden of proof as to Count I of the Complaint and a judgment should be entered on this Count in favor of the Defendant, REDDINGTON.

Count IV of the Complaint presents a different issue. As the Court understands the Plaintiff's contentions at trial, it is alleged that the Defendant, REDDINGTON, depleted the value of his stock in the corporation, Ricca-Reddington Instruments, Inc., within the year preceding the bankruptcy, and that this is sufficient to sustain a violation of 11 U.S.C. § 727(a)(2). In support of this allegation, the Plaintiff presented evidence concerning the transfer of certain corporate assets of Ricca-Reddington Instruments, Inc., a Florida corporation, to a North Carolina corporation by the same name. Some of the assets were transferred for safe keeping and some of the assets were transferred outright to the North Carolina corporation. The evidence of record establishes that the Debtor had no financial interest in the North Carolina corporation. However, the North Carolina corporation was a substantial creditor of the Florida corporation, having taken over the manufacturing and service business previously provided by the Plaintiff, CPS, prior to the commencement of the litigation in January, 1982. The aforesaid transfers occurred in late 1982 and early 1983. The Plaintiff also presented evidence concerning the collection of certain accounts receivable of the Florida corporation by the North Carolina

 

corporation, although the monies collected were applied to the account of the Florida corporation's indebtedness as shown by the uncontroverted evidence presented at trial.

The Court finds that the Plaintiff has failed to sustain its burden of proof with regard to Count IV in several respects. First of all, the evidence presented at trial establishes, at best, a preferential transfer by Ricca-Reddington Instruments, Inc. of Florida to a corporation which was a substantial creditor. While this may have worked to the detriment of the Plaintiff herein, it is clear that a mere preferential transfer is not the equivalent of a fraudulent transfer for purposes of an objection to discharge and would further not constitute evidence of actual fraud. *In re White v. Brown Shoe Company*, 30 F.2d 674 (5th Cir.1929). *In re Ayers*, 25 B.R. 762 (Bkrtcy. M.D.Tenn.1982). It should be further pointed out here that it is not the actual transfer of the corporation's property which forms the basis of Plaintiff's claim in that the Debtor must have some legal interest in the property to bring into effect the provisions of 11 U.S.C. § 727(a)(2). *See, ex, Thompson v. Eck*, 149 F.2d 631 (2nd Cir. 1945). *In re Gem Sleepwear Corp.*, 4 B.C.D. 314 (Bkrtcy.N.Y.1978). Thus, unless the Plaintiff can establish that the transfer, beside being fraudulent in nature, depleted the value of the Defendant's stock interest therein, it cannot succeed in its objection to discharge on this basis.

The evidence of record is insufficient to establish that the Defendant's stock had value at the time of the alleged transfers. The only testimony in evidence of record was based upon balance sheets incomplete as of the time of the transfers. However, the balance sheets and financial statements presented, which were admitted of record to be inaccurate, established a minimal net worth for the corporation at the time of the transfers which, when adjusted to include the reduction of inventory and increased indebtedness pointed out by various witnesses at trial would seem to indicate a negative net worth for the corporation. Certain evidence was presented as to al-leged goodwill of the company but the Court is not convinced, given the source and basis of testimony, of its credibility. This is especially true in view of the fact that the company was having substantial financial problems and not servicing its accounts properly due to the infighting among the stockholders and substantial drain caused by the litigation with the Plaintiff herein.

Because the Plaintiff failed to meet its burden of proof in establishing the value of the property of the estate allegedly depleted, and because the Plaintiff failed to establish that the depletion was due to any fraudulent conduct on the part of the Defendant herein, the Court must find in favor of the Defendant, REDDINGTON, on this Count of the Complaint as well. *In re Harris*, 8 B.R. 88 (Bkrtcy.M.D.Tenn.1980). *In re Hess*, 21 B.R. 465 (Bkrtcy.W.D.Va. 1982).

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.